# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD J. PANNOZZI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>    Defendant. | Case No. 1:24-cv-00524 |
| CLAIRE A. TARABORELLI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>    Defendant. | Case No. 1:24-cv-00526 |
| ARMAND LUCCHETTI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>    Defendant. | Case No. 1:24-cv-00527 |

| | |
|---|---|
| LORI MARCHAND and MONICA DEPINA, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>          Defendant. | Case No. 1:24-cv-00554 |
| LUCIANO MORALES, JR, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>          Defendant. | Case No. 1:25-cv-00010 |
| RENEE TRIGUIERO, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>          Defendant. | Case No. 1:25-cv-00023 |

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' SECOND UNOPPOSED MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CLASS LEADERSHIP**

THIS MATTER, having come before the Court by Plaintiffs' Second Unopposed Motion to Consolidate Cases and Appoint Interim Class Leadership pursuant to Federal Rules of Civil Procedure 42(a) and 23(g), the Court having read the motion and supporting materials, IT IS

HEREBY ORDERED, ADJUDGED, and DECREED that the Motion is GRANTED as set forth below:

1.  The Court hereby consolidates *Ronald J. Pannozzi v. Deloitte Consulting LLP*, Case No. 1:24-cv-00524, *Claire A. Taraborelli v. Deloitte Consulting LLP*, Case No. 1:24-cv-00526, *Armand Lucchetti v. Deloitte Consulting LLP*, Case No. 1:24-cv-00527, *Lori Marchand et al. v. Deloitte Consulting LLP*, Case No. 1:24-cv-00554, *Luciano Morales, Jr. v. Deloitte Consulting LLP*, Case No. 1:25-cv-00010 ("*Morales*"), and *Renee Trigueiro v. Deloitte Consulting LLP*, Case No. 1:25-cv-00023 ("*Trigueiro*") into the lowest docketed case *Ronald J. Pannozzi v. Deloitte Consulting LLP*, Case No. 1:24-cv-00524 (collectively the "Consolidated Action").

2.  All papers filed in the Consolidated Action shall be filed under Case No. 1:24-cv-00524, the lowest docketed case.

3.  Danielle L. Perry of Mason LLP and Jeff Ostrow of Kopelowitz Ostrow P.A. are appointed Interim Co-Lead Class Counsel and will have the following specific responsibilities and sole authority:

    i.    To determine and present to the Court and opposing parties the position of Plaintiffs and putative Class Members on all matters arising during pretrial proceedings;

    ii.    To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class Members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

    iii.    To conduct settlement negotiations on behalf of Plaintiffs and putative Class Members and, where appropriate, to present any proposed settlements to the Court on behalf of putative Class Members;

    iv.    To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

v.    To prepare and distribute status reports with the help of the Executive Committee and to any other law firms that might seek to represent the putative Class;

vi.    To monitor the activities of any other law firms that might seek to represent putative Class Members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

vii.    To determine the division of labor between counsel for Plaintiffs in the Consolidated Action, and collectively make decisions in this litigation on behalf of and in consultation with counsel for Plaintiffs;

viii.    To maintain adequate time and disbursement records covering services performed by Co-Lead Class Counsel and other participating Plaintiffs' counsel, including but not limited to the proposed Executive Committee; and

ix.    To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Classes or authorized by further order of this Court.

4.    Further, the Court hereby appoints Peter N. Wasylyk  (Law Offices of Peter N. Wasylyk), Gary M. Klinger (Milberg Coleman Bryson Phillips Grossman), Charles E. Schaffer (Levin Sedran & Berman, Counselors At Law), J. Gerard Stranch, IV (Stranch, Jennings & Garvey, PLLC), Melissa R. Emert (Kantrowitz, Goldhamer & Graifman, P.C.), and Ashley M. Crooks (Hausfeld LLP) as an Executive Committee ("Executive Committee") for this matter. Finally, Vincent Greene, a Providence, Rhode Island attorney, will serve as the Local Liaison ("Local Liaison" together with Co-Lead Class Counsel and Executive Committee will be referred to as "Proposed Leadership").

5.    In the event that counsel for any of the parties becomes aware of another case that is filed in this Court in the future that may relate to these consolidated proceedings, such counsel will bring that case to the Court's attention via a filing of a Notice of Related Case (with a copy to plaintiff's counsel in the new case) within 10 days of becoming aware of any such case.

6.     Any such case will be automatically consolidated with the above-captioned matter unless, within 10 days of receipt of the Notice of Related Case, any party files an objection to consolidation. In the case an objection to consolidation is filed, responding parties shall have 10 days to respond, at which point the Court shall determine whether consolidation is appropriate.

7.     Plaintiffs shall file a single consolidated amended complaint ("CAC") within 30 days of the entry of this order. Defendant need not respond to any of the complaints previously filed in the Related Actions and will have 60 days to respond to the operative CAC. In the event Defendant files a dispositive motion in response to the CAC, Plaintiffs will have 30 days to file an opposition, and Defendant will have 21 days to file a reply.

**IT IS SO ORDERED.**

Dated:   March 19, 2025

The Hon. Melissa R. DuBose
United States District Judge